**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NEIL CANNON, | ) | CASE NO.  3:15-cv-00717 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| BRIGHAM SLOAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2).  Before the Court is the petition of Neil Cannon ("Cannon" or "Petitioner"), for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner challenges his conviction and sentence in the case of *State of Ohio vs. Cannon*, Seneca County Court of Common Pleas Case No. 12-CR-0013.  For the following reasons, the magistrate judge recommends the petition be DISMISSED.

## I.  State-Court Proceedings

**A.  Trial-Court Proceedings**

On January 25, 2012, the Seneca County Grand Jury indicted Cannon with the following eight counts:  (1) four counts of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A)(1), (C)(4)(d), a felony of the third degree; (2) one count of trafficking in cocaine with the specification that the offense occurred within the vicinity of a juvenile in violation of Ohio Rev. Code § 2925.03(A)(1), (C)(4)(d), a felony of the second degree; (3) one count of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A), (C)(4)(d), a felony of the second degree; (4) one count of tampering with evidence in violation of Ohio Rev. Code § 2921.12(A), (B), a felony of the third degree; and (5) one count of engaging in a pattern of corrupt activity in violation of Ohio Rev. Code § 2923.32(A)(1), (B)(1), a felony of the first degree.  (Doc. No. 4-3.)  The last count, a "RICO" charge, alleged twenty separate incidents relating to Cannon's purported unlawful activity in the drug trade.  (*Id.* at 4-7.)  Three of the incidents were alleged to have occurred in Seneca County; the others were alleged to have occurred in Wood and Hancock counties.  (*Id.*)  Cannon entered a plea of not guilty to all charges.  (Doc. No. 4-2 at 2.)

At a hearing held on April 20, 2012, Cannon, pursuant to a plea agreement, withdrew his plea of not guilty and entered pleas of guilty to all charges in the indictment.  (Doc. No. 4-4.)  In doing so, Cannon signed and initialed a "Plea of Guilty" form, which included the following language:

> I understand the nature of these charges and the possible defense(s) I might have.  I am satisfied with my attorney's advice, counsel

> and competence. I am not now under the influence of drugs, medication, or alcohol. I enter this plea voluntarily. No threats have been made to me. No promises have been made except as part of this Sentence Recommendation.

(*Id.* at 4.) The trial court accepted Cannon's guilty plea and convicted him on all counts. (Doc. No. 4-5.) That judgment was journalized on April 23, 2012.

The trial court conducted a sentencing hearing on May 31, 2012. (Doc. No. 4-6.) It sentenced Cannon to a total of nineteen years in prison, including: three years' imprisonment for each count of trafficking in cocaine, to be served concurrently; seven years' imprisonment each for trafficking in cocaine with the specification that the offense occurred within the vicinity of a juvenile and for possession of cocaine, to be served concurrently; and three years' imprisonment for tampering with evidence and nine years' imprisonment for the RICO charge, to be served concurrently. (*Id.* at 5-6.) The judgment entry of sentencing was journalized that same day, on May 31, 2012. (*Id.* at 1.)

**B.    Direct Appeal**

Cannon did not file a timely direct appeal. Instead, on September 21, 2012, he filed a *pro se* motion for leave to file a delayed appeal in the Seneca County Court of Appeals. (Doc. No. 4-7.) In his motion, he stated that he failed to file a notice of appeal within the prescribed thirty days because his attorney refused to file a timely appeal on his behalf and he was "without the means" to do so himself while in prison. (*Id.* at 3.) The court denied the motion on October 18, 2012, on the ground that Cannon failed to file a notice of appeal concurrently with the motion for delayed appeal. (Doc. No. 4-9.)

On October 24, 2012, Cannon filed a second *pro se* motion for delayed appeal in

3

the state appellate court, asserting the same arguments.  (Doc. No. 4-10.)  He filed a notice of appeal in that court on November 5, 2012.  (Doc. No. 4-12.)  The court denied Cannon's motion to delayed appeal on December 13, 2012, rejecting his arguments because there was "no indication that any intent to appeal or request for appellate counsel was ever expressed."  (Doc. No. 4-13.)  Cannon moved for reconsideration of the court's denial of his motion on December 28, 2012.  (Doc. No. 4-14.)  On January 15, 2013, the court denied that motion as well.  (Doc. No. 4-15.)

**C.**     **Post-Conviction Proceedings**

On December 3, 2012, Cannon filed a *pro se* petition for post-conviction relief in the trial court.  (Doc. No. 4-16.)  Cannon presented one claim, that the trial court lacked jurisdiction over his prosecution because he was "not in the jurisdiction nor ever arrested in the county for which he was prosecuted" and he "only mentioned a name associated with the charged crime."  (*Id.* at 2.)  On December 7, 2013, the State moved to dismiss Cannon's petition or, in the alternative, responded and moved for summary judgment.  (Doc. No. 4-17.)

The trial court appointed new counsel to represent Cannon and scheduled an evidentiary hearing.  (Doc. No. 4-1 at 3.)  On April 25, 2013, Cannon, through new counsel, moved to withdraw his guilty plea.  (Doc. No. 4-18.)  That same day, he filed a "supplement" to his post-conviction petition, arguing that he had received ineffective assistance of trial counsel.  (Doc. No. 4-19.)

The trial court conducted an evidentiary hearing on Cannon's motion and petition on April 30, 2013.  (Doc. No. 4-1 at 3.)  The state appellate court set forth the following account of Cannon's testimony at the hearing:

4

> At the hearing, Cannon testified regarding the performance of his previous counsel.  According to Cannon, his previous counsel originally said he would move to suppress the cocaine found on his person and that he would get the RICO charge dismissed because it was against Cannon's "constitutional rights." . . .  Cannon indicated that previous counsel later told him that the State had sufficient evidence to convict him and that he should plead guilty to the indictment.  Cannon testified that before doing so, he told his counsel he was hesitant to plead guilty, but that counsel responded by saying that he should plead guilty to receive a lighter sentence and that if he failed to do so, counsel would withdraw from representation because he had obligations to other clients.  Based on his counsel's representations, Cannon felt that he had "no options" except to plead guilty. . . .
>
> Cannon testified that he only met with his counsel twice during the handling of his case and that before his conviction he never received copies of the evidence disclosed through discovery.  However, after his conviction, Cannon requested that his previous counsel send him the evidence discovered through discovery.  Upon reviewing the evidence, Cannon felt as though there was insufficient evidence to establish that Seneca County had proper venue to prosecute his RICO charge.

(*Id.* at 3-4.)

On June 25, 2013, the trial court denied Cannon's petition for post-conviction relief and motion to withdraw his guilty plea.  (Doc. No. 4-20.)  It found that Cannon knew of any alleged misconduct by his previous counsel at the time he entered his guilty plea, yet he still entered into the plea voluntarily and told the court he was satisfied with his counsel's representation.  (*Id.* at 5-6.)  It further concluded that "[n]o meritorious argument for venue [could] exist in light of [Cannon's] admission of the allegations in the indictment." (*Id.* at 5.)

On July 18, 2013, Cannon, through counsel, filed a timely notice of appeal of the trial court's judgment.  (Doc. No. 4-21.)  In his appellate brief, he raised the following assignments of error:

1. The trial court erred in denying the Appellant's petition for post-conviction

5

    relief.

    2.    The trial court erred in denying the Appellant's motion to withdraw guilty plea.

(Doc. No. 4-23.)

On November 25, 2013, the state appellate court affirmed the judgment of the trial court. (Doc. No. 4-1.) It stated:

> Here, as indicated by the trial court, Cannon knew of any purported misconduct by his counsel at the time of the change of plea and sentencing hearings. He could have raised those concerns either at those hearings or on direct appeal from his conviction and sentence. Nevertheless, Cannon did not assert them at those stages of this matter. Thus, res judicata operates to preclude Cannon from raising the issue in his motion to withdraw his guilty plea or his petition for post-conviction relief and the trial court did not err in denying this requested relief.

(*Id.* at 6.)

Cannon, *pro se*, filed a notice of appeal and motion for leave to file a delayed appeal in the Ohio Supreme Court on March 10, 2014. (Doc. Nos. 4-26, 4-27.) The court summarily denied Cannon's motion for leave to file a delayed appeal and dismissed the case on April 23, 2014. (Doc. No. 4-28.)

On September 16, 2014, Cannon filed a second *pro se* petition for post-conviction relief in the trial court. (Doc. No. 4-29.) He asserted the following two claims:

    1.    The manner in which the penalty is chosen is outside or beyond this Court's judicial power[.]

    2.    Defendant has been denied due process and equal protection of the laws under the Fourteenth Amendment of the U.S. Constitution. This Court has performed a ministerial act and not a judicial act to which this Court is otherwise empowered. The [j]udgment is in need of discretion and true decision.

(*Id.* at 2, 3.) The court denied Cannon's petition on September 24, 2014, on the ground

6

that his claims were barred by the doctrine of *res judicata*.  (Doc. No. 4-30.)  Cannon did not appeal that judgment.

## II.  Proceedings in this Court

Cannon submitted a *pro se* petition for writ of habeas corpus to this Court, which he signed on March 24, 2015, and the Court placed on its docket on April 13, 2015. (Doc. No. 1.)  He asserts the following two grounds for relief:

1. The trial court erred in denying the Petitioner's petition for post-conviction relief.

2. The trial court erred in denying the Appellant's motion to withdraw guilty plea.

(*Id.* at 5, 6.)

Respondent filed a return of writ on June 19, 2015.  (Doc. No. 4.)  Cannon did not file a response to Respondent's return of writ.

## III.  Procedural Issues

### A.  Jurisdiction

A state prisoner may file a federal habeas petition only in "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him."  28 U.S.C. § 2241(d).  The Court of Common Pleas of Seneca County, Ohio, sentenced Petitioner. (Doc. No. 4-6.)  Seneca County is within this Court's geographic jurisdiction.  *See* 28 U.S.C. § 115(a).

### B.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has established a one-year statute of limitations period for the filing of federal habeas

7

corpus petitions by state prisoners.  *See* 28 U.S.C. § 2244(d)(1).  A state prisoner must file a petition within one year from the latest of four circumstances:

> (A) the date on which the [state-court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

AEDPA allows for statutory tolling, which, under certain circumstances, will extend the one-year statute of limitations.  Thus, the time during which a properly filed application for state post-conviction or other collateral relief is pending is not counted against the one-year limitation period.  *See* 28 U.S.C. § 2244(d)(2).  The state-court petitions and applications, however, must be both "pending" and "properly filed" in order to stay AEDPA's one-year limitations period.  *Id.*  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Untimely motions, for example, are not "properly filed" and will not stop the one-year clock.  *Id.*  In addition, the filing of a petition for a writ of certiorari from the denial of post-conviction relief does not toll the statute of limitations under § 2244(d)(2).  *Lawrence v. Florida*, 549 U.S. 327

8

(2007). AEDPA's statutory tolling provision "does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Winkfield v. Bagley*, 66 Fed. Appx. 578, 581 (6th Cir. 2003).

The Supreme Court further has held that the AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). A habeas petitioner bears the burden of demonstrating he is entitled to equitable tolling. *See, e.g., McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). To do so, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649.

### 1. § 2244(d)(1)(A): Triggering Date of Final State-Court Judgment

Respondent argues that Cannon's habeas petition should be dismissed because it is untimely under § 2244(d)(1)(A). (Doc. No. 4 at 14.) As noted above, that provision requires that federal habeas petitions be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Cannon did not address the statute of limitations in his petition or the attached "memorandum in support" (*see* Doc. No. 1 at 11); nor did he file a response to Respondent's return of writ.

9

The Court agrees with Respondent that Cannon's petition is significantly time-barred, although its statute-of-limitations calculation differs slightly from Respondent's. The trial court issued a "Judgment Entry of Sentence" setting forth Cannon's conviction and sentence on May 31, 2012.[1]  (Doc. No. 4-6.)  Under Ohio law, Cannon had thirty days from the date of that journal entry within which to file his direct appeal.  *See* Ohio R. App. P. 4(A) (parties have 30 days to appeal from order that is "final upon its entry," as defined by Criminal Procedure Rule 32(C)); Ohio R. Crim. P. 32(C) ("A judgment of conviction shall set forth the fact of conviction and the sentence[,]" and "is effective only when entered on the journal by the clerk."); *State v. Baker*, 119 Ohio St. 3d 197, 199 (Ohio 2008) ("Journalization of the judgment of conviction pursuant to Crim. R. 32(C) starts the 30-day appellate clock ticking.").  Cannon did not file a timely direct appeal, so his conviction became final when his thirty days to appeal expired, on July 2, 2012.[2]

Pursuant to § 2244(d)(1)(A), therefore, the statute of limitations on Cannon's habeas petition began to run the following day, July 3, 2012.  *See* Fed. R. Civ. P. 6(a)(1) ("In computing any time period . . . exclude the day of the event that triggers the period."); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000) (applying Federal Civil Rule 6(a) standards to computation of time for § 2244(d) statute of limitations purposes).  And, if no statutory tolling applies to Cannon's limitations period, the last

---

[1]  Respondent incorrectly states that the trial court's judgment of conviction was filed on May 21, 2012, and calculates Cannon's limitations period based on that date.  (Doc. No. 4 at 14.)

[2] Under Ohio's appellate procedure rules, if a deadline falls on a weekend or holiday, it is extended to the next business day.  Ohio R. App. P. 14(A).  Cannon's thirty-day deadline for filing his appeal fell on Saturday, June 30, 2012, so it was extended to Monday, July 2, 2012.

10

day on which he could have filed his habeas petition would have been July 3, 2013, long before he filed his petition in 2015.

### 2. § 2244(d)(2): Statutory Tolling

As explained above, under § 2244(d)(2), AEDPA's limitations period is tolled while a "properly filed" application for state post-conviction or other collateral relief is "pending."  28 U.S.C. § 2244(d)(2).  Cannon filed two motions for leave to file a delayed direct appeal under Ohio's Appellate Rule 5(A).  Although such motions relate to habeas petitioners' direct appeals, they are considered part of the collateral review process for purposes of tolling AEDPA's statute of limitations.  *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (declining to treat motion for leave to file delayed appeal as part of direct review process that would delay start of AEDPA limitations period, and holding that such motion did not restart limitations period when denied).

Cannon's first motion for a delayed appeal did not toll the statute of limitations period under § 2244(d)(2), because it was not "properly filed."  *See Artuz*, 531 U.S. at 8.  Cannon did not file a notice of appeal with the motion as required.  (*See* Doc. No. 4-9.)

Cannon's second motion for leave to file a delayed appeal, however, did toll the statute while it was "pending."  *See DiCenzi v. Rose*, 419 F.3d 463, 468 (6th Cir. 2005) ("[A] motion for delayed appeal, even if granted, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending.") (citing *Searcy*, 246 F.3d at 519).  Thus, the statute of limitations was tolled the day Cannon filed his second motion for delayed appeal, on October 24, 2012.  At that point, 113 days had elapsed from the time his limitations period began.  The tolling continued until Monday, January 28, 2013, when the 45-day period for filing a timely

11

appeal in the Ohio Supreme Court from the state appellate court's denial of his motion for delayed appeal expired.[3] Ohio S. Ct. Prac. R. 7.01(A)(1) (requiring, as did former Sup. Ct. Prac. R. 2.2(A)(1), that appeals be perfected within 45 days).

The tolling of Cannon's limitations period was extended beyond January 28, 2013, however, because his first request for post-conviction relief, filed on December 3, 2012, was pending. That tolling ended on January 9, 2014, when the time expired in which to appeal the state appellate court's decision affirming the trial court's denial of Cannon's post-conviction petition. The clock began running again on January 10, 2014. Although Cannon filed a motion for leave to file a delayed appeal in the Ohio Supreme Court on March 10, 2014, that motion did not toll the limitations period because it was not "properly filed." Ohio's appellate procedure rules do not permit delayed appeals in post-conviction proceedings.[4] *See State v. Nichols*, 11 Ohio St. 3d 40, 42 (Ohio 1984).

Cannon's limitations period was tolled for the final time on September 16, 2014,

---

[3] Cannon moved for reconsideration of the state appellate court's judgment, which the court denied on January 15, 2013. But this would not add to the limitations period's tolling because, under Ohio Appellate Procedure Rule 26(A), motions for reconsideration do not extend the time for petitioning the Ohio Supreme Court. Ohio R. App. P. 26(A). Moreover, district courts within the Sixth Circuit consistently have held that, under *Lawrence* and *Searcy*, as noted above, habeas petitioners are not entitled to § 2244(d)(2) tolling for the 90–day period following the denial of a motion for delayed appeal, because such motions are considered applications for collateral review. *See, e.g., Foster v. Bobby*, No. 07-CV-13-3, 2010 WL 1524484, at **3-5 (N.D. Ohio Apr. 15, 2010) (listing supporting cases).

[4] The Ohio Supreme Court did not provide a basis for its denial of Cannon's motion for delayed appeal, but "[w]here a state court is entirely silent as to its reasons for denying requested relief, this court assumes that the state court would have enforced any applicable procedural bar." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). Respondent incorrectly tolled Cannon's limitations period while his motion for delayed appeal was pending. (Doc. No. 4 at 15.)

when he filed a second post-conviction petition in the trial court.  From January 10, 2014, to September 16, 2014, Cannon's limitations clock had run another 249 days.  The court denied Cannon's petition on September 24, 2014.  Cannon did not appeal that judgment, so the tolling period ended when the thirty-day period for filing a timely appeal in the state appellate court expired, on October 24, 2014.  The clock began running again the next day, October 25, 2014.

The Court finds that Cannon filed his habeas petition on March 24, 2015.  A federal *pro se* habeas petition generally is considered "filed," for statute of limitations purposes, on the date it was delivered to prison authorities for mailing to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (establishing "prison mailbox rule" to determine date on which federal *pro se* pleadings were "filed"); *Goins v. Saunders*, 206 Fed. Appx. 497, 498 n.1 (6th Cir. 2006) (applying prison mailbox rule to filing of pro se habeas petition).  Cannon did not indicate in his petition the date he placed the pleading in the prison mailing system.  (*See* Doc. No. 1 at 11.)  He did date his signature on the petition, however, as March 24, 2015.  (S*ee id.*)  The Court, therefore, liberally construing the petition, presumes Cannon placed his petition in the prison mailing system no earlier than the date he signed it, March 24, 2015.  As of that date, another 150 days had elapsed since the final tolling period ended on October 24, 2014, and a total of 512 days since Cannon's limitations period began on July 3, 2013.  This is well beyond the AEDPA one-year limitations period.

The Court's calculation of the statute of limitations on Cannon's habeas petition is summarized in the following table.

| Event | Date | Time Expired (days) | Tolling Triggered |
|---|---|---|---|
| AEDPA limitations period begins 30 days after final state-court judgment on direct appeal | July 3, 2012 | 0 | No |
| First motion for delayed appeal to appellate court | September 21, 2012 | 80 | No |
| Second motion for delayed appeal to appellate court | October 24, 2012 | 33 | Yes |
| First post-conviction petition filed | December 3, 2013 | 0 | Yes |
| Appellate decision on direct appeal plus 45 days to appeal to Ohio Supreme Court | January 28, 2013 | 0 | No |
| Trial court denial of first post-conviction petition | June 25, 2013 | 0 | Yes |
| Appellate decision on first post-conviction petition plus 45 days to appeal to Ohio Supreme Court | January 9, 2014 | 0 | No |
| Motion for delayed appeal to Ohio Supreme Court | March 10, 2014 | 59 | No |
| Second post-conviction petition filed | September 16, 2014 | 190 | Yes |
| Trial court denial of second post-conviction petition plus 30 days for filing appeal | October 24, 2014 | 0 | No |
| Federal habeas corpus petition "filed" | March 24, 2015 | 150 | |
| **Total** | | **512** | |

Accordingly, Cannon's petition is time-barred.

### 3. Equitable Tolling

Moreover, Cannon does not argue that he is entitled to equitable tolling of the AEDPA statute of limitations. It is the petitioner's burden to demonstrate that he is entitled to equitable tolling. *See, e.g., McClendon*, 329 F.3d 490 at 494. This Court,

14

therefore, will not address that issue.

### IV. Conclusion

For all the reasons set forth above, the petition should be DISMISSED.

Date: June 28, 2016 /s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111.**