UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NEIL CANNON, | ) | CASE NO. 3:15-cv-00717-DAP |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **ORDER VACATING PRIOR ORDER** |
| | ) | **& JUDGMENT ENTRY and** |
| BRIGHAM SLOAN, | ) | **ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION** |
| Respondent. | ) | |

**I. Order Vacating Prior Order and Judgment Entry**

On June 28, 2016, Magistrate Judge Nancy A. Vecchiarelli issued a Report and Recommendation (the "R & R"), Doc #: 6. On July 20, the R & R was mailed to Neil Cannon.

The R & R recommended the dismissal of Cannon's 18 U.S.C. § 2254 petition, and twenty-one days later, on August 10, 2016, the Court—having not received any objections—issued an Order adopting the unopposed R & R and dismissing the petition. Doc ##: 7, 8. However, on August 11, the Court received Cannon's Objections, Doc #: 9.

Accordingly, the Court VACATES Order Adopting Report and Recommendation, Doc #: 7, and Judgment Entry, Doc #: 8.

**II. Order Adopting Report and Recommendation**

The Court again considers the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli ("R & R"), Doc #. 6, which recommends that the Court dismiss Petitioner Cannon's Petition because it is time-barred.

**A. Cannon's Objection Is Untimely**

"[T]he filing date for a prisoner's document is the actual date on which the prisoner submits his papers to prison authorities for mailing." *Wampler v. Mills*, 60 F. App'x 594, 596 (6th Cir. 2003).

Cannon's Objection was received and docketed on August 11, 2016. The date of mailing on Cannon's Objection is left blank. Objection 3, Doc #: 9 ("I declare . . . that this Objection to the Magistrate's Report and Recommendation was placed in the prison mailing system on August, ___ 2016."). However, the Certificate of Service at the bottom of the Objection indicates that the Objection was mailed to Respondent "[o]n this 10 day of August, 2016." *Id.* (the "10 " is handwritten). Because Cannon could not have mailed the Objection to the Court before the August 10 date written on the Certificate, and because the Objection was received by the Court on August 11, the Court finds the Objection was filed on August 10, 2016.

Under the relevant statute,

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1).

A copy of the R & R was mailed to Cannon on July 20, 2016, 2016. Thus, any Objection was due by August 3. Cannon's August 10 Objection is therefore untimely.

However, despite the untimeliness the Court will still review the R & R with consideration given to the arguments raised in Cannon's Objection.

**B. Cannon's 18 U.S.C. § 2254 Petition is Untimely and Must be Dismissed**

The R & R includes a detailed analysis calculating the timeliness of Cannon's § 2254 Petition. The magistrate judge determined that Cannon's § 2254 Petition was filed on March 24, 2015, a total of 512 days (accounting for all applicable tolling periods) after the one-year statute of limitations, established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), began to run. *See* 28 U.S.C. § 2244(d). Cannon does not object to the calculation in the R & R, and the Court adopts the magistrate judge's calculation it in full. Cannon also does not object to the R & R's conclusion that equitable tolling in inapplicable. And again, the Court adopts this finding in full.

However, Cannon *does* object to the *application* of the AEDPA's one-year statute of limitations to this petition, on the basis that the statute of limitations is inapplicable because his conviction is void because the state court was without jurisdiction to convict him such a jurisdictional issue may be raised at any time. After a report and recommendation has been issued, the district court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Accordingly, the Court reviews this objection *de novo* and holds Cannon's argument is without merit.

First, matters of state court jurisdiction are non-cognizable under 18 U.S.C. § 2254. *See Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) ("Federal habeas corpus relief can be

-3-

granted only for violation of the Constitution or laws of the United States. The constitutional provision relied upon by Wills appears in the Constitution of Michigan, not the Constitution of the United States. Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." (citations omitted)).

Second, to the extent such a question could be raised on a habeas petition, it would be subject to AEDPA's one-year statute of limitations. The case, *In re Lewis*, that Cannon relies on to support his contention that "[t]he existence of jurisdiction maybe raised at any time," Objection 2, is inapposite. *In re Lewis* says, "[t]he existence of **subject matter jurisdiction** may be raised at any time, by any party, or even sua sponte by the court itself." 398 F.3d 735, 739 (6th Cir. 2005) (emphasis added). While Cannon's misreading is understandable, "subject matter jurisdiction" in this context refers to a federal court's ability to hear a case, and does not support Cannon's broad contentions regarding state court jurisdiction. No exception to the AEDPA statute of limitations applies.

### C. Conclusion

In short, the Court has considered Cannon's Objection, re-reviewed the R & R, and agrees with the magistrate judge that Cannon filed his Petition after the mandatory and applicable AEDPA time limitations had expired and is not entitled to equitable tolling. Accordingly, the Court OVERRULES Cannon's Objection, Doc #: 9, ADOPTS the Magistrate Judge's R & R, Doc. # 6, and DISMISSES the Petition, Doc #: 1.

IT IS SO ORDERED.

*/s/ Dan A. Polster     Aug. 15, 2016*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**